UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESSICA DE LA ROSA,

        Plaintiff,

-against-

BB YOU & ME NAIL, INC., BB NAIL YOU & ME INC. and
169 HOLDING CORP.,

        Defendants.

15 CV 3014

JUDGE FAILLA

Case No.

**COMPLAINT**

RECEIVED APR 17 2015 U.S.D.C. S.D.N.Y.

Plaintiff, JESSICA DE LA ROSA (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues defendants BB YOU & ME NAIL, INC., BB NAIL YOU & ME INC. (collectively, the "Nail Salon") and 169 HOLDING CORP. (the "Landlord"), (the Nail Salon and the Landlord being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## INTRODUCTION

1.     Over twenty years after Congress passed one of our nation's landmark civil rights laws for people with disabilities, Defendants still maintain barriers that prevent customers who use wheelchairs or scooters from the full, independent and equal enjoyment of the Nail Salon's goods and services.

2.     Defendants have been and remain in violation of federal and state disability civil rights laws, in that they have failed to comply with federal and state nondiscrimination statutes.

3.     Defendants have discriminated, and continue to discriminate, against Plaintiff in many ways, including, but not limited to, failing to ensure that its public accommodation is accessible to individuals with mobility impairments who require wheelchairs or scooters for mobility.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. Money damages alone are inadequate, and Plaintiff has been suffering, and will continue to suffer, irreparable injury.

5. Venue is proper within this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff is and has been at all times material hereto a resident of the State of New York.

7. The Plaintiff is unable to ambulate due to a genetic bone disorder and has been confined to a wheelchair for most of her life. Plaintiff therefore has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A). Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

8. The Nail Salon owns and operates what is commonly known as a nail salon, open to the general public, at the premises known and designated as 169 Lexington Avenue, New York, New York (the "Property"). The Landlord is the owner of the Property.

## STATEMENT OF FACTS

9. Plaintiff has visited the Nail Salon on a number of occasions, the last time prior to the filing of the complaint having been on or about April 3, 2015.

10. Plaintiff, lives a few blocks from the Nail Salon and regularly shops and patronizes businesses in the area.

11. Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys fees, costs and expenses to redress Defendants' unlawful disability

discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107. Plaintiff also alleges claims for negligence.

12. Plaintiff will continue to visit the Nail Salon and will attempt to enter if the barriers to her enjoyment of the facilities have been removed.

13. The services, features, elements and spaces of the Nail Salon are not readily accessible to, or usable by Plaintiff as required by the 2010 ADA Standards for Accessible Design (the " Standards").

14. On information and belief, since January 26, 1992, the Nail Salon has undergone alterations that affected, or could have affected, the usability of part or the entire Nail Salon.

15. The records of the New York City Department of Buildings reveals that the Property has undergone substantial alterations since the implementation of the ADA, the precise nature and scope of which are presently unknown.

16. An inspection of the Nail Salon was conducted and the following violations and barriers were observed, all of which have been reviewed and discussed with the Plaintiff (sections listed as violated refer to the Standards, unless otherwise noted):

   i. **The entrance presents the following violations:**

   a. There is no accessible route from the site arrival point on the sidewalk to the entrance, in violation of 206.2 and 206.2.1.

   b. There is no accessible route from the entrance to the accessible spaces and elements within the facility which are connected by a circulation path, in violation of 206.2.4.

   c. There is no entrance which complies with 404 and is on an accessible route, in

3

violation of 206.4.

d. There is no accessible means of egress, in violation of 207.1.

e. The route to access the premises does not consist of the allowable components, in violation of 402.2.

f. The steps in the entrance route are over ½ inch, yet are not ramped in compliance with 405, in violation of 403.4, 303.4.

g. There are no handrails on both sides of the steps which extend at top and bottom, in violation of 504.6, 505.1, 505.2 and 505.10.

h. The Defendants fail to provide for a means thru which people in wheelchairs can be afforded equal benefit of their services, in violation of 42 USC § 12182(b)(ii).

i. The Defendants have failed to remove architectural barriers at their entrance so that people in wheelchairs can be afforded equal benefit of their services, in violation of 42 USC § 12182(2)(A)(iv)

j. The Defendants have failed to make readily accessible alterations to the path of travel to the renovated salon in violation of 42 USC § 12183(a)(2), although such renovations are not disproportionate.

ii. **the sales counter presents the following violation:**

k. The counter is above 36 inches high, in violation of 904.4.1, 227.3 and 227.1.

c. **the nail manicure stations present the following violations:**

l. The tables fail to provide seating which complies with 226.1 and 902.

m. The nail tables (work surfaces) fail to comply with 902.2, 306, and 902.3.

iii. **the pedicure area presents the following violation:**

n. The Nail Salon fails to provide for a means thru which people in wheelchairs can be afforded equal benefit of their pedicure services, in violation of 42 USC §

4

12182(b)(ii).

iv. **the massage, tanning and waxing rooms presents the following violation:**

o. The Nail Salon fails to provide for a means thru which people in wheelchairs can be afforded equal benefit of their services, in violation of 42 USC § 12182(b)(ii).

18. Further inspection of the Nail Salon may reveal additional violations.

## FIRST CLAIM FOR RELIEF
(Americans with Disabilities Act)

19. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

20. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

21. The Property contains a public accommodation, to wit, the Nail Salon. 42 U.S.C. § 12181(7)(B).

22. Defendants have discriminated against Plaintiff on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the Nail Salon to individuals with disabilities;

5

d. Failing to design and/or construct the Nail Salon so that it is readily accessible to and usable by individuals with disabilities;

e. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Nail Salon are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

f. Failing to make alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area(s) and the bathroom serving the altered area(s), are readily accessible to and usable by individuals with disabilities; and/or

g. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

23. An example of the manner in which Defendants could have removed some of the illegal barriers at the Nail Salon include installing a permanent ramp at the entrance and/or installing a lift on the stairs..

24. The foregoing suggestions are not meant as comprehensive but simply provide a means of remedying some the more egregious ADA violations present.

25. However, Defendants have not remedied the existing violations. As such, Defendants discriminate and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Nail Salon, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

26. Defendants' violations of the ADA have harmed and will continue to harm Plaintiff in the future.

## SECOND CLAIM FOR RELIEF
(Violation of New York State Executive Law)

27. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

28. The Defendants have, and continue, to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because she is disabled.

29. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

30. The Defendants have discriminated against Plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

31. The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

32. It would not impose an undue hardship or undue burden on the Defendants to make their place of public accommodation fully accessible.

33. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of New York State Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

34. Plaintiff has suffered damages in the amount of at least $500.00 (FIVE HUNDRED DOLLARS) and the total amount shall be determined at trial before a jury.

### THIRD CLAIM FOR RELIEF
(Violation of the Administrative Code of the City of New York)

35. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

36. The Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

37. The Defendants have discriminated against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

38. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added).

39. The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

40. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code of the City of New York, Plaintiff has suffered, and continues

8

to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

41. The Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

42. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

43. The Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Administrative Code § 8-502.

44. By refusing to make the place of public accommodation accessible, the Nail Salon has unlawfully profited from its discriminatory conduct by receiving revenues from an unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible. The Nail Salon's unlawful profits plus interest must be disgorged.

45. Plaintiff has suffered damages in the amount of at least $500.00 (FIVE HUNDRED DOLLARS) and the total amount shall be determined at trial before a jury.

## FOURTH CLAIM FOR RELIEF
(Violations of New York State Civil Rights Laws)

46. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

47. The Defendants have discriminated against plaintiff pursuant to New York State Executive Law.

48. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

49. Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## FIFTH CLAIM FOR RELIEF
(Common Law Negligence)

50. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

51. The Defendants have negligently designed, constructed, repaired, maintained and operated their place of public accommodation located at the Property in a manner that has rendered it inaccessible to the disabled Plaintiff.

52. At all relevant times, the Defendants had a duty to design, construct, repair, maintain and operate their place of public accommodation in a manner that is accessible to the disabled Plaintiff.

53. The Defendants breached their duty by negligently designing, constructing, repairing, maintaining and operating their place of public accommodation in a manner that has rendered it inaccessible to the disabled Plaintiff.

54. The Defendant's failure to design, construct, maintain and operate their place of public accommodation in a manner that is accessible to the disabled Plaintiff has proximately caused Plaintiff to be unable to enjoy full and equal access to the Defendants' place public accommodation.

55. The Defendant had actual and constructive notice that its place of public accommodation is not accessible to the disabled. The inaccessibility of the Defendants' place of public accommodation is visible, open, obvious, and apparent and has existed for a sufficient length of time for the Defendants to discover and remedy this condition.

56. As a direct result of Defendants' negligence, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

## INJUNCTIVE RELIEF

57. Plaintiff will continue to experience unlawful discrimination as a result of the Restaurant's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Defendants to alter and modify their place of public accommodation and their policies, practices and procedures.

58. Injunctive relief is also necessary to make the Nail Salon readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling Defendants to ramp the steps at the entrance.

## DECLARATORY RELIEF

59. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

60. In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights

of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures

B.  Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but limited to the violations set forth above;

C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award at least $500.00 (FIVE HUNDRED DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E.  Award at least $500.00 (FIVE HUNDRED DOLLARS) to Plaintiff as punitive damages in order to punish and deter the Defendants for their violations of the Administrative Code of the City of New York;

F.  Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.  Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

H.  Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

I.  Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

J.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: April 16, 2015

_____
Donald J. Weiss, Esq. (7619)
Rosengarten & Weiss
Attorneys for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 533-2606